Rathmell, J.
Separate motions are submitted by George L. Ruggles and George E: Wood to quash the indictment in this case by reason of certain defects on the face of the record in the form of the *494 indictment and in the manner in which the offense is charged.
The indictment is for receiving payment of a false bill. The bill on which it is alleged payment was received from the treasurer of the state is set out in the indictment, and it is charged “that' the bill is false and fraudulent in this, to-wit, that the said George E. Wood had not purchased said 17 reams ledger, 23x36-80, at $28, to-wit, 17 reams of ledger paper of the value of $476, nor any part of it from the Ruggles-Gale Company, and said false and fraudulent bill and said item in said false and fraudulent bill is wholly false and fraudulent. ’ ’
It is contended, with other claims, that it appears on the face of the indictment that George E. Wood, as an individual, was without authority to represent or to bind the state; and only in his official capacity could his purchase or failure to purchase have any connection with or influence upon the alleged crime attempted to be charged in the indictment, and hence that the same does not sufficiently charge an offense under the laws of the state.
The statute, Section 7075, Revised Statutes, upon which this indictment appears to be founded, provides that whoever knowing the same (that is any bill false or fraudulent in whole or in part) to .be false and fraudulent, receives payment of any such * * * bill * * * from the treasurer of state * * * shall, if such evidence of indebtedness, * ■ * '* of which payment is received, is false or fraudulent to the amount, etc., be punished as provided in the statute.
It is clear that one of the essential elements of an offense under this branch of the statute is that the bill, the evidence of indebtedness of which payment is received, must be false or fraudulent.
It is alleged as a statement of fact that the bill is false and fraudulent in this: that said George E. Wood had not purchased said item alleged or any part of it from said the RugglesGale Company. Does such an allegation state facts sufficient to show the bill was false and fraudulent; that is, are facts' averred from which, the necessary inference would follow that it is false and fraudulent?
*495 Tt is a general rule of criminal pleading that an indictment must specifically set forth all the facts and circumstances constituting the offense intended to be charged, with such certainty and precision that an indictable offense is made legally and logically to appear. (1 W. L. M., 333, and authorities cited.)
An indictment on a statute must set forth all the affirmative facts which constitute a prima facie case — all the ingredients which enter into the offense whether set down in the statute in terms or interpreted into it must be stated. (Bishop’s New Criminal Procedure, Sections 593, 612.)
It is pointed out that by Section 137, Revised Statutes," the Secretary of State is the person clothed with authority to purchase stationery and other articles as may be necessary for the use of the General Assembly and state officers.
In alleging that the bill was false and fraudulent in that George E. Wood had not purchased the item described, the indictment fails to show a charging of sufficient facts from which the necessary inference would follow that the bill was false or fraudulent in the respect alleged as to purchase. The claim itself set forth does not afford any ground for the conclusion that it was false. It purports to be by the proper authority; and to aver that George E. Wood had not purchased would not make a prima facie case of invalidity or falsity as to purchase.
But it is claimed that the statements in the indictment that Wood was “stationery clerk” in the office of the Secretary of State; and that the defendants, pretending that said George E. Wood, stationery clerk in the office of the Secretary of State for the state of Ohio, had purchased from the Ruggles-Gale Company certain office supplies and stationery of the amount and value alleged, and that the state was indebted, etc., meets the contention of want of authority to purchase on the face of the charge.
The participial form of allegation, though in the introductory part of the indictment, might suffice when so employed as to satisfy the demand for directness (Bishop’s New Criminal Procedure, 556), as to a material fact. But it does not appear to me that the descriptive term “stationery clerk” necessarily implies that Wood was entitled to make such a purchase or draw such a *496 bill. If tbe secretary purchased the bill or his agent in that behalf, then it would not be false in the particular of purchase.
The statute does not confer authority to purchase on the ‘ ‘ stationery clerk” in the office of the Secretary of State as such, or on any other employe in his office as such. Hence the mere use of the descriptive term does not aid the averment in the necessary implication of authority.
The Secretary of State or his agent in that behalf might purchase. What one does through an agent he does in matter of law himself. The pleader may, if he chooses, so allege it, not mentioning the name of the agent. Or he may equally well set out the transaction according to its outward form, introducing the name of the agent.
Such extrinsic facts should be positively, and with certainty, set forth relative to authority to purchase as that when it is stated as a ground of falsity, that G-eorge E. Wood did not purchase the bill, it would follow legally and logically and as a necessary inference on the face of the charge that the bill is false in that particular.
The motions of Ruggles and Wood to quash are severally sustained on the second ground thereof, respectively. Balance of motions severally overruled.